**May 24th.**

*Valerius Southworth* v. *Caroline L. Veile et al.* A. BASCOM, for appellants; J. RHOADES, for respondents. Decided that no appeal lies from an order granting or denying interlocutory costs. Appeal dismissed, with $15 cost to be paid by appellants.

*In the matter of Abel Childs, an habitual drunkard.* H. EVARTS, for appellant; W. W. SEYMOUR, for respondent. Order appealed from affirmed; with costs to be paid by the committee out of the estate in his lands.

*William Butcher et al* v. *Emanuel Benheimer et al.* J. RHOADES, for appellant; N. HILL JUN., for respondent. Order appealed from affirmed with costs.

*Aaron L. Reid et al* v. *John Peters Jun.* J. RHOADES, for complainants; J. A. COLLIER, for defendant. Application by defendant to open an order to close the proofs, and to let him in to furnish the names of witnesses, and to examine them. Decided that the court will not open a regular order to close the proofs in a creditors suit, for the mere purpose of enabling the defendant to show that he has no property, and to obtain a decree against the complainant for costs.

Motion denied, with $15 cost.

*Janet Wilkes et al* v. *Albert Brisbane et al.* M. FILLMORE, for the People's Bank; J. VAN BUREN, for J. Brisbane, and G. Brisbane. Application to set aside a master's sale of property under
*Notice of Sale of property under decree.* the decree in this cause. One objection to the regularity of the sale was that the notice of sale was not published twice in each week for three weeks *immediately previous to the time of sale,* as required by the 139th rule of the court. The sale took place on Monday the 21st of December 1846, and the notice was published in a daily morning paper in Buffalo, commencing on Saturday the 28th of November and ending on the day of sale. But it was only published once between Monday the 7th and Tuesday the 15th of December, so that in the second week immediately previous to the time of sale there were not two publications of the notice, as the rule requires. The Chancellor *held* the publication to be defective, and the sale irregular; and directed the sale to be set aside, upon that ground.